UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEDRO JAVIER AMADOR
GUTIERREZ,

            Petitioner,

v.                                  Case No. 3:26-cv-804-MMH-LLL

TODD LYONS, et al.,

            Respondents.

_____

### **ORDER**

Petitioner Pedro Javier Amador Gutierrez, an immigration detainee, is proceeding through counsel on a Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1; Petition). See generally Petition. Gutierrez is a citizen of Cuba who entered the United States on March 8, 2021. Id. at 5–6, 9. On March 10, 2021, the Department of Homeland Security released him on his own recognizance. Id. at 10. In September 2025, Gutierrez was arrested and charged with first degree misdemeanor battery. Id. at 13. On February 10, 2026, United States Immigration and Customs Enforcement lodged a detainer and assumed custody of Gutierrez. Id. at 14–15. Gutierrez raises various challenges to his immigration detention and seeks, inter alia, immediate

release and an individualized bond hearing. See id. at 27–39. The Federal Respondents filed an Amended Response to Petition for Writ of Habeas Corpus (Doc. 10; Response) asserting that they are now detaining Gutierrez under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 4.

When Gutierrez was detained in February 2026, see Petition at 14, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see Hernandez Alvarez, 175 F.4th at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.     Gutierrez's Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized

bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Gutierrez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Gutierrez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.   The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of July, 2026.

_____
**MARCIA MORALES HOWARD**
United States District Judge

lc36
c:
Counsel of Record

---

[1] Because the Court finds that Gutierrez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3